NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAMIE BOMO AKONJANG,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No.    19-71981

Agency No. A208-123-338

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2021[**]
Phoenix, Arizona

Before:  W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Ramie Bomo Akonjang, a native and citizen of Cameroon, seeks review of

an order of the Board of Immigration Appeals dismissing Akonjang's appeal from

an immigration judge's denial of his application for relief under the Convention

Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

the petition.

1.     Substantial evidence supports the agency's adverse credibility finding. First, the Board concluded that Akonjang "could not consistently identify which bones were broken" during his alleged capture and beating and "ultimately admitted that he had hurt his ankle," not his leg as he initially testified. While the immigration judge "consider[ed] it possible that [Akonjang's] testimony was simply an attempt to narrow down the specific body part that was broken," the immigration judge rejected that explanation because the inconsistency was similar to "other occasions throughout [Akonjang's] testimony in which he quickly changed his answer to the questions posed." Akonjang does not challenge that finding or otherwise attempt to explain this inconsistency.

Second, the Board found that Akonjang testified inconsistently about the existence of evidence documenting his broken bones. Akonjang claims that in testifying that such evidence existed, he understood the immigration judge to be asking about evidence of any injuries he sustained. But Akonjang answered "Yes," in response to the direct question, "Do you have documentary proof that you had bones broken during this 21 day beating you suffered?," even though he did not. The record does not compel the conclusion that Akonjang testified consistently on this issue. *See Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007) (agency need not "interpret the evidence in the manner advocated by" the applicant). The

inconsistencies cited by the Board regarding the nature and extent of Akonjang's injuries carry "substantial weight" and support the adverse credibility finding. *Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam).

Third, the Board concluded that Akonjang testified inconsistently by testifying that his uncle knew that Akonjang and his brothers were still alive, before admitting that he did not know whether that was true. Because this testimony concerned "whether his uncle continued to target him," the Board concluded that it bore "directly on [his] claim." This finding is supported by substantial evidence, and Akonjang does not contend otherwise.

Fourth, the Board did not err in considering the inconsistencies between Akonjang's testimony and his affidavit regarding the length of his stay in Yaoundé, Cameroon and whether he worked while living in Senegal. Although these minor inconsistencies, taken alone, might not be sufficient to support an adverse credibility finding, the agency "may *consider* any inconsistency" in its credibility analysis. *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010). Assuming, without deciding, that the agency erred in determining that Akonjang testified inconsistently on the separate issue of the length of his stay in Senegal, multiple independent bases support the adverse credibility finding.

The record does not support Akonjang's contention that the agency failed to consider evidence that he testified consistently. Nor does Akonjang identify facts

3

ignored by the agency that resolve the inconsistencies identified above. *See Shrestha*, 590 F.3d at 1044. To the extent Akonjang attributes those inconsistencies to a language barrier, the Board correctly deemed that argument to be waived, because Akonjang had "confirmed on six occasions that he spoke and understood English," and his "counsel did not raise any concerns about [his] fluency in English during the individual hearing."

2.      Akonjang argues that the agency incorrectly faulted him for lacking corroborating evidence without providing notice that such evidence was required. Although the immigration judge referenced the lack of corroborating evidence in evaluating Akonjang's credibility, the Board upheld the immigration judge's adverse credibility finding on the basis of "multiple grounds unrelated to [lack of] corroboration." As discussed above, that conclusion is supported by substantial evidence. "Because the [agency] found [Akonjang's] testimony not credible, the [agency] was not required to give [him] notice and an opportunity to provide additional corroborating evidence." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

3.      The Board separately concluded that the corroborating evidence Akonjang submitted did not, on its own, satisfy the standard for obtaining relief under the Convention Against Torture. *See Mukulumbutu*, 977 F.3d at 927 (independent evidence can support relief "even where an applicant has been

4

deemed not credible"). Akonjang does not challenge that conclusion. He contends only that the agency "overlooked" two documents showing that he is wanted by the Cameroonian authorities, but those documents were expressly considered by the Board and the immigration judge.

4.      Because substantial evidence supports the agency's adverse credibility finding, and because Akonjang does not claim that, excluding his testimony, he is otherwise entitled to relief, we need not reach the agency's alternate finding that Akonjang could safely relocate within Cameroon. *See Shrestha*, 590 F.3d at 1048–49, 1048 n.6.

**PETITION DENIED.**